Filed 7/24/15  P. v. Sowell CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL OKEEFE SOWELL et al.,<br><br>    Defendants and Appellants. | B256340<br><br>(Los Angeles County<br>Super. Ct. No. SA084462) |

APPEAL from judgments of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant Michael Okeefe Sowell.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant Derrick Allen Palmer.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Defendants Derrick Allen Palmer and Michael Okeefe Sowell were convicted of one count of first degree residential burglary and one count of grand theft. Identity was not an issue at trial. Jurors must have accepted the prosecution's theory that Palmer and Sowell removed a television from the home of Brian Happy. Jurors must have rejected Palmer's testimony that the television had been abandoned on the sidewalk as well as defendants' argument that they were operating under a mistake of fact.[1] On appeal, Sowell argues the record lacks substantial evidence to support his convictions, and the prosecutor committed misconduct by referring collectively to Palmer and Sowell during her rebuttal argument. Sowell's contentions lack merit, and we affirm his convictions.

Palmer's attorney filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) identifying no issue and requesting that this court review the record and determine whether any arguable issue exists on appeal. We find no arguable issue on appeal and affirm Palmer's convictions.

## FACTS AND PROCEDURE

The victim, Brian Happy, testified that on June 19, 2013, he left his home about 11:30 a.m., locked the front door, and set his alarm system. That afternoon about 1:00 p.m., he received a telephone call from someone at the company monitoring his alarm, informing him that his home had been burglarized. Shortly afterwards, Happy returned home and discovered that his large plasma television, which had been in his living room, was missing. The television cost $2,713. Happy testified that he had not placed any trash cans or property out on the sidewalk. He further testified that he did not give Sowell or Palmer permission to take his television. Happy estimated the plasma television weighed between 50 and 100 pounds.

When Happy returned home, he noticed that his front door was damaged, suggesting a forced entry. The front door had paint removed, and the marks appeared to have been made by a prying tool. Additionally, wood was separated from the door. The door looked as if someone had forcefully kicked it.

---

[1] Jurors were instructed on mistake of fact.

2

The director of operations at the alarm company, Jeffrey Butler, testified that Happy's alarm was triggered on June 19, 2013; Happy was called; and the police were dispatched.

John and Kelly Greenway lived across the street from Happy.**2** On June 19, 2013, as they were eating lunch in their dining room, they noticed suspicious activity at Happy's residence. John saw Palmer speed and then abruptly stop his pickup truck. Then John saw Palmer and Sowell walking with a large television and observed them place the television in the back of Palmer's truck. Sowell helped Palmer place the television in Palmer's truck. John saw defendants on Happy's driveway but could not see Happy's front door. John heard Happy's alarm and called 911, a recording of which was played for jurors. In the 911 call, John said "[h]e just saw guys running out with a big screen T.V. and jump into a white GMC jacked up pick up truck."

Kelly observed two men get out of a truck and walk up Happy's driveway. After about a minute, she saw the two men walking down Happy's driveway carrying a television. After they were able to place the television in Palmer's truck, the two men sped off. Kelly heard Happy's alarm.

Police were dispatched and were able to recover Happy's television from Palmer's truck shortly after Palmer drove away from Happy's house. When they were stopped by police, Palmer was driving and Sowell was a passenger.

Palmer testified in his defense. He testified that he and Sowell collect scraps for a living and take them to a recycling center. On June 19, 2013, the two were in his pickup truck when Palmer noticed a television on the sidewalk. Palmer told Sowell they would pick up the television. Palmer testified the television was heavy, and he could not carry it alone. The two put the television in the back of his truck. Palmer denied entering Happy's house. Palmer admitted that he had been convicted of two crimes involving

---

**2** Because they share a surname we refer to John and Kelly by their first names. We intend no disrespect.

moral turpitude. When cross-examined by Sowell's counsel, Palmer testified Sowell exited the vehicle only to help Palmer put the television in the truck.

Rosario Lim testified in Sowell's defense. She said that, on June 19, 2013, Sowell had recycled items weighing 30 pounds at Active Recycling.

During closing argument, Palmer's counsel argued that Palmer was driving around looking for scrap and saw the television on the sidewalk. Sowell's counsel argued, Sowell and Palmer were out recycling. Sowell exited the vehicle because Palmer said there's a television "over there." If Sowell believed the television had been abandoned, he did not have the specific intent for grand theft.[3]

During rebuttal, the prosecutor argued: "[W]hen you go back into the backroom and you think about all of the evidence that's been presented and you think about what they're asking you to believe to come up with some reasonable doubt, I submit to you it's not reasonable. There's nothing about their story that makes it reasonable." The court overruled Sowell's counsel's objection to the prosecutor's use of the phrase "their story." Sowell's counsel request for a mistrial based on the prosecutor's use of the phrase "their story" was denied.

Palmer and Sowell were convicted of one count of first degree residential burglary and one count of grand theft. Defendants were acquitted of possession of burglar's tools.

In a separate court trial, the court found Palmer suffered three prior serious or violent felonies and two prior felonies for which he did not remain free from prison custody for a five-year period. The court denied Palmer's motion to dismiss the strike allegations.

---

[3] During opening statement, Palmer's counsel argued that Happy abandoned his television on the street and Palmer and Sowell picked it up and put it in Palmer's truck. Sowell's counsel argued that Sowell and Palmer drove around and looked for items to recycle. Counsel argued there was no dispute that Happy's television was in Palmer's truck but there was a dispute whether Sowell committed a crime.

4

The court sentenced Palmer under the "Three Strikes" law.**4**  He was sentenced to 35 years to life in state prison (consisting of 25 years to life for the burglary, which was his third strike, and two 5-year terms pursuant to Penal Code section 667, subdivision (a)(1).  The court struck two Penal Code section 667.5, subdivision (b) priors.  The court stayed Palmer's sentence for the grand theft.

The court sentenced Sowell to the low term of two years for the burglary and stayed his sentence for the grand theft.  These appeals followed.

**DISCUSSION**

We first discuss Sowell's appeal in which he challenges the sufficiency of the evidence and argues the prosecutor committed misconduct.  We then consider Palmer's appeal in which he raises no challenges.

**1. Sowell**

*a. Sufficiency of the Evidence*

Burglary requires entry into a building with the intent to commit a felony or theft. (*People v. Lujano* (2014) 229 Cal.App.4th 175, 184.)  Grand theft requires taking property valued over $400 from the owner without the consent of the owner and with the specific intent to deprive the owner of the property.  (*People v. Whitmer* (2014) 230 Cal.App.4th 906, 922.)  Sowell argues there was insufficient evidence that he entered an inhabited dwelling or knew the television had been stolen.

In evaluating a challenge to the sufficiency of the evidence "we review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt.  [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.]  In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from

---

**4**      First degree burglary is a serious felony.  (Pen. Code, § 1192.7, subd. (c)(18).)

5

the evidence. [Citation.] 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]' [Citation.] A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

Applying the appropriate standard of review, there was overwhelming evidence Sowell entered Happy's residence and knew that the television had been stolen. Happy testified that when he left his home his television was in his living room. When he returned after being notified that his home was burglarized, the television was missing. Eyewitnesses saw Sowell walk down Happy's driveway. Palmer testified that the television was heavy and Palmer could not have carried it by himself and Happy testified it could have weighed as much as 100 pounds. Happy's front door was damaged and his alarm had been triggered. This evidence strongly supported the inference that both Palmer and Sowell entered Happy's house and removed his television from the living room.

### b. Alleged Prosecutorial Misconduct

Sowell argued that during rebuttal argument, the prosecutor improperly attributed Palmer's testimony to him. He argues this constitutes prosecutorial misconduct and requires the reversal of his convictions.

"A prosecutor's conduct violates the Fourteenth Amendment to the federal Constitution when it infects the trial with such unfairness as to make the conviction a denial of due process. Conduct by a prosecutor that does not render a criminal trial fundamentally unfair is prosecutorial misconduct under state law only if it involves the use of deceptive or reprehensible methods to attempt to persuade either the trial court or the jury." (*People v. Morales* (2001) 25 Cal.4th 34, 44.) "Furthermore . . . , when the claim focuses upon comments made by the prosecutor before the jury, the question is

6

whether there is a reasonable likelihood that the jury construed or applied any of the complained-of remarks in an objectionable fashion." (*Ibid.*) "At closing argument a party is entitled both to discuss the evidence and to comment on reasonable inferences that may be drawn therefrom." (*Ibid.*)

Assuming the issue is properly preserved, Sowell demonstrates no error and no prejudice. First, the prosecutor did not misstate the evidence. Sowell's counsel argued that Sowell believed the television had been abandoned, which was consistent with Palmer's testimony that he found the television on the sidewalk. That was the only real dispute at trial. Palmer and Sowell claimed that they did not enter Happy's residence. Palmer's additional testimony in no manner implicated Sowell. If anything, it assisted Sowell as Sowell did not testify and provided no evidence that he did not enter Happy's house. In short, the prosecutor did not mislead the jury when she referred to "their story," and her argument did not constitute misconduct.

In any event even assuming misconduct, Sowell cannot identify any prejudice. He did not testify, and evidence that he recycled other items earlier that morning did not undermine Happy's testimony that the television was in his living room when he left his home. Nor did the fact Sowell recycled items earlier that day undermine the Greenways' testimony that both Palmer and Sowell were carrying the television down Happy's driveway and loaded it in Palmer's vehicle. Thus, Sowell's best defense was that the television had been abandoned. Even assuming the prosecutor committed misconduct, the error was harmless beyond a reasonable doubt.[5]

---

[5] Sowell argues that Palmer's testimony that he carried the television by himself was inherently incredible. But Palmer did not say that. He testified that the first time he saw the television, Sowell was not there. When Palmer went back to retrieve the television, Sowell accompanied him.

Sowell also argues that his counsel provided ineffective assistance for failing to request an admonition based on the prosecutor's improper argument. Because we have considered the argument on the merits, we need not evaluate his claim of ineffective assistance.

*2. Palmer*

Palmer's appointed counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, raising no issue. Palmer has been notified of his right to file a supplemental brief in this court and has not done so.

Having reviewed the entire record, we are satisfied that counsel has fully complied with his responsibilities and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *Wende, supra*, 25 Cal.3d at p. 441; see *Smith v. Robbins* (2000) 528 U.S. 259, 279-284.)

**DISPOSITION**

The judgments are affirmed.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.